# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71836-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ANDREW RUSSELL COSBY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 8, 2015 |

PER CURIAM. Andrew Cosby appeals the sexual assault protection orders imposed following his guilty pleas to two counts of first degree child molestation and one count of second degree child molestation. He contends one of the protection orders exceeds the maximum allowable term because it expires more than two years after the completion of his sentence on the predicate offense. But we recently rejected this argument, holding that the maximum allowable term for a sexual assault protection order is two years after completion of the longest sentence imposed at sentencing, not two years after completion of the sentence for the predicate offense. State v. Navarro, No. 71126-1-I (Wash. Ct. App. June 29, 2015).

Cosby also contends, and the State concedes, that all three sexual assault protection orders must be reduced by his credit for time served. We accept the State's concession.

Affirmed in part and remanded in part for correction of the expiration dates of the sexual assault protection orders.

No. 71836-3-I/2

For the court:

_Becker, J._

_Schindler, J._

_Appelwick_